**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTIAN DAVID CONTRERAS-PORCAYO, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-7609 <br><br> Agency No. A087-777-352 <br><br><br> MEMORANDUM[*] |

Appeal from the Board of Immigration Appeals
Submitted December 3, 2025[**]
Portland, Oregon

Before: MCKEOWN and SUNG, Circuit Judges and FITZWATER,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Christian David Contreras-Porcayo ("Contreras-Porcayo") petitions for review of the Board of Immigration Appeals' ("BIA's") order affirming the immigration judge's ("IJ's") denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition in part and deny it in part.

1. "Where, as here, the BIA agrees with the IJ['s] decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027-28 (9th Cir. 2019). We review legal questions *de novo* and factual determinations for substantial evidence. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). "Under the substantial evidence standard, administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (citation and emphasis omitted).

2. In his briefs before the BIA and this Court, Contreras-Porcayo did not challenge the IJ's determination that "Mexicans who are perceived as wealthy based on their years residing in the United States" is not a cognizable social group. Therefore, he has forfeited this issue. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

3. With respect to his second proposed social group—"relatives of well-known businessmen"—the BIA did not err when it concluded that Contreras-Porcayo failed to establish a nexus between that group and the harm he faced. Substantial evidence supports the IJ's finding that the gang members who harmed Contreras-Porcayo did so solely for financial gain. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018-23 (9th Cir. 2023) (reviewing a motive determination for substantial evidence and concluding the same). "[P]ersecution solely on account of an economic motive . . ." does not merit relief. *Baballah v. Ashcroft*, 367 F.3d 1067, 1075 n.7 (9th Cir. 2004). Although Conteras-Porcayo need not prove that his relationship to his uncle or any other well-known businessman was the gang members' sole motivation for targeting him, the record lacks evidence that it motivated the gang members at all. *See Rodriguez-Zuniga*, 69 F.4th at 1019 n.2 (concluding that the petitioner failed to meet the nexus requirement where "substantial evidence support[ed] the agency's finding that . . . financial motivation was not in addition to a motivation based on family membership, but was instead the persecutor's exclusive motivation"). Accordingly,

- 3 -

Contreras-Porcayo has failed to establish past persecution on account of a protected ground.[1]

4.  The BIA also properly determined that Contreras-Porcayo failed to establish a well-founded fear of persecution because he could reasonably relocate within Mexico while avoiding harm arising from his relationship to his uncle. *See Duran-Rodriguez*, 918 F.3d at 1029.  Because Contreras-Porcayo failed to establish past persecution and alleged only private persecution, the BIA correctly concluded that he had the burden of proving that relocation within Mexico is unreasonable. *See id*.  Substantial evidence supports the BIA's conclusion that Contreras-Porcayo failed to meet his burden.  Generalized evidence of violence throughout Mexico is insufficient to demonstrate that relocation is unreasonable. *See Hussain v. Rosen*, 985 F.3d 634, 648 (9th Cir. 2021) ("Relocation is generally not unreasonable solely because the country at large is subject to generalized violence.").  Similarly, the hardships of relocating with a family to an area where Contreras-Porcayo has no job, home, or connections do not compel a conclusion that relocation is unreasonable. *See*

---

[1] We acknowledge that the Supreme Court has granted certiorari in a case that could determine the appropriate standard of review for some of the BIA's persecution decisions. *See Urias-Orellana v. Bondi*, 145 S.Ct. 2842 (2025).  The resolution of that issue is immaterial here because our conclusion concerning the BIA's nexus determination is the same under a *de novo* analysis.

*id.* at 649 (rejecting argument that relocation would be unreasonable because it would require the petitioner to move to an unfamiliar town far from his family).

Moreover, we are not persuaded that the BIA ignored Contreras-Porcayo's argument that the IJ improperly weighed factors concerning the difficulty of relocation. The agency simply agreed with the IJ. Contreras-Porcayo also contends that the IJ ignored evidence of his children's ages and country conditions. But Contreras-Porcayo has failed to meet his burden to specifically identify "something in the record or the [IJ's] decision[] that indicates that the [IJ] failed to consider all the evidence." *Cruz v. Bondi*, 146 F.4th 730, 741 (9th Cir. 2025). Nor does he explain why such evidence is highly probative or potentially dispositive.[2] *See id.* at 740.

5. However, substantial evidence does not support the BIA's denial of CAT protection. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 891-92 (9th Cir. 2020) (noting the standard of review). Because the BIA affirmed only the IJ's determination as to

---

[2] In his reply brief, Contreras-Porcayo also challenges the BIA's determination that he forfeited the issue of whether he would suffer harm on account of his family ties outside of Cuernavaca. But he did not make this objection in his opening brief, so we need not consider it. *See Lopez-Vasquez*, 706 F.3d at 1079–80. Even if we did consider this argument, we agree with the BIA that, although Contreras-Porcayo maintained before the BIA that relocation would be difficult based on his personal circumstances, he did not challenge the IJ's determination that the record lacked evidence that people outside of Cuernavaca would harm him because of his relationship to his uncle.

government consent or acquiescence, our review is limited to that issue. *See Gonzalez v. I.N.S.*, 82 F.3d 903, 907 (9th Cir. 1996).

"Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." *Madrigal v. Holder*, 716 F.3d 499, 509 (9th Cir. 2013) (quoting 8 C.F.R. § 208.18(a)(7)). It is sufficient to show acquiescence of state or local officials. *Id.* at 510. As the IJ noted, Contreras-Porcayo has presented evidence of public officials' corruption, willful blindness, and cooperation with criminal organizations like the gangs he fears. Such evidence is sufficient to show government acquiescence under CAT. *Id.* at 510 (petitioner satisfied his burden of proof with respect to acquiescence by presenting evidence "that corruption of public officials in Mexico remains a problem, particularly at the state and local levels of government, with police officers and prison guards frequently working directly on behalf of drug cartels"); *see also Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) (the agency's failure to consider "significant evidence establishing government complicity in the criminal activity" is sufficient to warrant reversal, but evidence of "a general ineffectiveness on the government's part to investigate and prevent crime will not suffice").

Accordingly, we deny Contreras-Porcayo's petition with respect to his applications for asylum and withholding.  But we grant his petition with respect to his application under CAT, and we remand for the BIA to determine whether Contreras-Porcayo is likely to experience torture.

**PETITION GRANTED IN PART AND DENIED IN PART; REMANDED**.